FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2006 AUG 23 PM 1: 39

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| Carl O'Neal, Sr., Individually and Georgie Mae O'Neal, Individually and on behalf of the Estate of Carl James O'Neal, Jr., Deceased<br>*Plaintiffs*,<br><br>v.<br><br>The City of San Antonio, William McManus, Chief of the San Antonio Police Department, Individually and in his Official Capacity, Officer Dale Hancock, Badge # 0564 Individually and in his Official Capacity and Officer Mark Stanush, Badge # 1378 Individually and in his Official Capacity, *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**SA06CA0725 OG**

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, the CITY OF SAN ANTONIO and WILLIAM McMANUS, in the above styled and numbered cause and by and through their attorneys of record, and file this Notice of Removal. Defendants will respectfully show the following:

1.    On August 1, 2006, Plaintiffs filed their Original Petition in the 166th Judicial District Court of Bexar County, Texas.  Plaintiff's Original Petition contains allegations that suit is brought alleging violations of 42 U.S.C. § 1983, the Fourth Amendment to the U.S. Constituion, the Fourteenth Amendment to the U.S. Constitution, the Eighth Amendment to the U.S. Constitution and a cause of action under the Texas Tort Claims Act.  Specifically, Plaintiffs allege that Defendants the City of San Antonio and San Antonio Chief of Police William McManus violated Plaintiff Carl O'Neal, Jr.'s civil rights when they failed to properly train SAPD officers Dale Hancock and Mark Stanush.

1.

2.      Pursuant to 28 U.S.C. § 1446(a), attached to this Notice of Removal are copies of all process and pleadings served upon Defendants in the removed case.  **(See Exhibit A)**

3.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the removal is filed within thirty (30) days after Defendants first received a copy of a paper from which it could first be ascertained that the case is one which is or has become removable.

4.      The claims asserted against Defendants are civil actions in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).  Plaintiffs' claims arise under the laws of the United States.  Specifically, Plaintiffs allege causes of action pursuant to 42 U.S.C. § 1983.

5.      Venue is proper in this district under 28 U.S.C. §1446(a), because Bexar County, where the removed action has been pending, is encompassed by the United States District Court for the Western District of Texas, San Antonio, Division.

6.      To the extent Plaintiffs are asserting various state law causes of action, Defendants would show that the United States District Court has jurisdiction over Plaintiffs' pendent state law claims, pursuant to the Court's supplemental jurisdiction because those claims arise out of and are derived from a common nucleus of operative facts which form the basis of Plaintiffs' federal civil claims.

7.      Defendants further submit that they will pay all costs and debts incurred in the removal proceeding, should the court determine that this action is not removable or is improperly removed.

8.      Pursuant to 28 U.S.C. § 1446(d), Defendants intend to serve written notices of this removal upon all interested parties and upon the State Court, promptly after filing this Notice of Removal.

9. Undersigned have conferred with counsel for Defendants Dale Hancock and Mark Stanush and their counsel consent to this removal.

WHEREFORE PREMISES CONSIDERED, Defendants hereby effectuate a removal of the present cause of action to this Honorable United States District Court.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
Litigation Division
111 Soledad, 10th Floor
San Antonio, Tx. 78205
(210) 207-8919 (210) 207-4357 Fax

DEBORAH LYNNE KLEIN
Assistant City Attorney
Bar No: 11556750

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 207-7259 (210) 207-4397 FAX

Mark Kosanovich
SBN 00788754

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served to the following interested person on August **23**, 2006:

| Tim Maloney<br>Law Offices of Maloney & Campolo<br>900 S.E. Military Drive<br>San Antonio, Texas 78214 | ☐ CMRRR |
| | ☐ Hand Delivery |
| | ☒ U.S. Mail |
| | MARK KOSANOVICH<br>DEBORAH KLEIN |

# EXHIBIT A

PRIVATE PROCESS

"The State of Texas"  NO. 2006-CI-11733

RECEIVED
CITY OF SAN ANTONIO
CITY CLERK

2006 AUG -7 P 12: 06

CARL O'NEAL SR ET AL
**Plaintiff**
**vs.**

THE CITY OF SAN ANTONIO ET AL
**Defendant**
( Note: Attached Document May Contain Additional Litigants. )  **NOTICE**

IN THE DISTRICT COURT

166th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to: CITY OF SAN ANTONIO
BY SERVING CITY CLERK, LETICIA M VACEK

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the _1st_ day of _August_, _2006_.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _2nd_ DAY OF _August_
A.D., _2006_.

PLAINTIFF'S ORIGINAL PETITION

RECEIVED
AUG 07 2006

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205
By: _____ Deputy
YVETTE GARCIA

TIM MALONEY
**Attorney/PLAINTIFF**
**address** 900 SE MILITARY DR
SAN ANTONIO, TX 78214-2855

---

### OFFICER'S RETURN

Came to hand _7_ day of _August_ A.D _2006_ at _____ o'clock _____.M.
and executed (not executed) the _7_ day of _August_, A.D _2006_, in _____
at _12:10_ o'clock _P_.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
  Badge/PPS # _SCU 79_ _____ County, Texas
By _____

The State of Texas

**NON - PEACE OFFICER VERIFICATION**

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO THIS _____ day of _____, _____

NOTARY PUBLIC, STATE OF TEXAS



ORIGINAL
(DK002)

# 2006CI11733

CAUSE NO. _____

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
2006 ... P 12:42
BY_____

| | |
|---|---|
| CARL O'NEAL, SR., Individually And | § IN THE DISTRICT COURT |
| GEORGIE MAE O'NEAL, Individually | § |
| and on Behalf of the Estate of | § |
| CARL JAMES O'NEAL, JR., DECEASED | § |
| | § |
| VS. | § **166th** JUDICIAL DISTRICT |
| | § |
| THE CITY OF SAN ANTONIO, | § |
| WILLIAM McMANUS, CHIEF OF THE | § |
| SAN ANTONIO POLICE DEPARTMENT, | § |
| Individually and in His Official Capacity | § |
| OFFICER DALE HANCOCK, Badge #0564 | § |
| Individually and in His Official Capacity, and | § |
| OFFICER MARK STENUSH, Badge #1378 | § |
| Individually and in His Official Capacity | § BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **CARL O'NEAL, SR., Individually And GEORGIE MAE O'NEAL, Individually,** and on Behalf of the Estate of **CARL JAMES O'NEAL, JR., DECEASED,** Plaintiffs in the above styled and numbered Action and file this their Original Complaint complaining of **THE CITY OF SAN ANTONIO, WILLIAM A. McMANUS, CHIEF OF THE SAN ANTONIO POLICE DEPARTMENT, Individually and in His Official Capacity OFFICER DALE HANCOCK, Badge #0564, Individually and in His Official Capacity, and OFFICER MARK STENUSH, Badge #1378, Individually and in His Official Capacity,** Defendants, and for cause would respectfully show the Court as follows:

1.     This action is filed under the Texas Wrongful Death/Survival Statute and 42. U.S.C. Section 1983 and Section 1988, and under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of Texas against **OFFICER DALE**

---

**HANCOCK, Badge #0564, Individually and in His Official Capacity, and OFFICER MARK STENUSH, Badge #1378, Individually and in His Official Capacity.**

## DISCOVERY CONTROL PLAN

2.    Plaintiffs intend for this case to proceed as a Level 3 Discovery control plan.

## PARTIES

3.    Plaintiff, **CARL O'NEAL, SR.,** is an individual residing in Bexar County, Texas and is the father of **CARL O'NEAL, JR.,** deceased. He sues in his individual capacity, as legal representative of **CARL O'NEAL, JR.,** and as heir of the Estate of **CARL O'NEAL, JR.,** Deceased.

4.    Plaintiff, **GEORGIE MAE O'NEAL, SR.,** is an individual residing in Bexar County, Texas and is the mother of **CARL O'NEAL, JR.,** deceased. She sues in her individual capacity, as legal representative of **CARL O'NEAL, JR.,** and as heir of the Estate of **CARL O'NEAL, JR.,** Deceased.

5.    Defendant **CITY OF SAN ANTONIO** is a municipal governmental entity within the State of Texas and public employer of the **OFFICER DALE HANCOCK, Badge #0564, and OFFICER MARK STENUSH, Badge #1378.** The City of San Antonio may be served with process by serving the **Mayor of the City of San Antonio, Phil Hardberger, the City Attorney of the City of San Antonio, Michael Bernard, or the City Clerk of the City of San Antonio, Leticia M. Vacek, at P.O. Box 839966, San Antonio, Texas 78283-3966** or anywhere they may be found.

6.    Defendant, **WILLIAM A. McMANUS, CHIEF OF THE SAN ANTONIO POLICE DEPARTMENT,** is an individual and, at the time of the incident, was employed by the CITY OF SAN ANTONIO. He may be served with process by serving him at **P.O. Box 839966,**

San Antonio, Texas 78283-3966, 214 W. Nueva, San Antonio, Texas 78207, or anywhere he may be found.

7.     Defendant **OFFICER DALE HANCOCK, Badge #0564** is an individual and, at the time of the incident, was a duly appointed and acting officer of the Police Department of the CITY OF SAN ANTONIO, acting under the color of law, under the color of the statutes, ordinances, regulations, policies, customs and usages Of the City of San Antonio. He may be served with process by serving him at **3635 E. Houston, San Antonio, Texas 78219 or 214 W. Nueva, San Antonio, Texas 78207**, or anywhere he may be found.

8.     Defendant **OFFICER MARK STENUSH, Badge #1378** is an individual and, at the time of the incident, was a duly appointed and acting officer of the Police Department of the CITY OF SAN ANTONIO, acting under the color of law, under the color of the statutes, ordinances, regulations, policies, customs and usages Of the City of San Antonio. He may be served with process by serving him at **3635 E. Houston, San Antonio, Texas 78219 or 214 W. Nueva, San Antonio, Texas 78207**, or anywhere he may be found.

## VENUE and JURISDICTION

9.     All parties to this Action are believed to reside in Bexar County, Texas and all of the acts and/or omissions giving rise to this Action occurred in Bexar County, Texas. Jurisdiction in state court is proper pursuant to *Hudson v. Vasquez*, 941 S.W.2d 334 (Tex. App. – Corpus Christi 1997); *County of Dallas v. Sempe*, 151 S.W.3d 291 (Tex. App. - Dallas 2004); *Campos v. Nueces County*, 162 S.W.23d 778 (Tex. App. - Corpus Christi 2005); and *Fox v. Wardy*, 2005 WL 1791589 ( Tex. App. – El Paso).

10.     Plaintiffs **CARL O'NEAL, SR. And GEORGIE MAE O'NEAL** are all of the heirs of **CARL O'NEAL, JR.**, Deceased. No administration of the Decedent's estate is pending and none

is necessary. Plaintiffs represent that there are no debts owed by the estate of **CARL O'NEAL, JR.** and he has one dependent.

## FACTS OF THE CASE

11.     On or about November 10, 2005, **Carl O'Neal, Jr.,** was stopped for a traffic violation while traveling on the 1600 block of Montana Street. According to the arresting officer's report, Mr. O'Neal made a right turn without signaling which led to the stop. The officers approached the vehicle and asked Mr. O'Neal for his driver's license. The police report indicates that Mr. O'Neal was nervous and when asked to get out of his vehicle, he refused to open his mouth.

12.     At that point, the arresting officer, Dale Hancock, Badge No. 0564, suspected that Mr. O'Neal had placed "dope" in his mouth to conceal drugs. Mr. O'Neal was taken to the ground, and, according to the police officer, put up a struggle and suffered facial injuries. While faced down on the street, Officer Hancock noticed that Mr. O'Neal began to chew and swallow cocaine. Officer Hancock described it as small and large pieces. Officer Hancock noted that Mr. O'Neal "swallowed" the cocaine. Mr. O'Neal was arrested and transported to "Brady Green." (Apparently making reference to University Health Center Downtown.)

13.     According to the police officer's report, there is no dispute that Mr. O'Neal had ingested a large quantity of cocaine. Both arresting officers had actual awareness of Mr. O'Neal's condition. Both officers have a long history of dealing with individuals who have ingested drugs in a similar fashion to Mr. O'Neal.

14.     Mr. O'Neal was admitted to the University Health Center - Downtown. Mr. O'Neal was in an extremely agitated and delusional state due to the cocaine. Hospital records indicate that it was difficult to assess his vital signs despite being handcuffed. Mr. O'Neal was strapped in a wheelchair and still remained combative. The straps were removed from Mr. O'Neal and he was

taken to the ground by the police officers. The officers were told that Mr. O'Neal needed to be taken to University Hospital Emergency Room, as the downtown facility was not equipped to deal with a drug overdose. This incident occurred at approximately 3:00 a.m.

15.     It should be noted that the physician assistant who attempted to treat Mr. O'Neal at the downtown hospital was Gordon Lee Adams. Mr. Adams received his PA license on February 25, 2005, only nine months prior to this incident. According to the police officers, Mr. O'Neal was again strapped into a wheelchair. His behavior was becoming more and more irrational and delusional. Approximately **one hour later**, police officers advised Mr. Adams that Mr. O'Neal had stopped breathing. CPR was attempted for 20 minutes, after which, Mr. O'Neal was pronounced dead.

16.     **CARL O'NEAL, JR.** had a close and loving relationship with his mother and father.

## CAUSES OF ACTION

17.     **Survival Claim.** Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL are all of the heirs of CARL O'NEAL, JR., deceased. No administration of the Decedent's estate is pending and none is necessary. Plaintiffs represent that there are no debts owed by the estate of CARL O'NEAL, JR. and he had one dependent.

18.     Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL contend that each of the named Defendants committed acts and/or omissions described herein which proximately caused CARL O'NEAL, JR. to suffer pain and mental anguish prior to his death and that such negligence would have been actionable by CARL O'NEAL, JR. had he survived his injuries. Plaintiffs hereby sue for all damages, including funeral expenses, allowed by Tex. Civ. Prac. & Rem. Code § 71.021.

19.     **Wrongful Death.** Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL are all of the heirs of CARL O'NEAL, JR., deceased. No administration of the Decedent's estate is

pending and none is necessary. Plaintiffs represent that there are no debts owed by the estate of CARL O'NEAL, JR. and he had one dependent.

20. **42 U.S.C. Section 1983.** Plaintiffs contend that Defendants CITY OF SAN ANTONIO, including the Police Department, and Defendants HANCOCK and STENUSH, acting under color of state law, by way of statute, ordinance, regulation, custom and/or usage, took affirmative acts and committed omissions that violated CARL O'NEAL, JR.'s well established civil rights afforded to him by the Constitution of the United States, including, but not limited to, the Fourth, Eighth and Fourteenth Amendments. At all relevant times, each Defendant was acting within the course and scope of their employment for the CITY OF SAN ANTONIO.

21. By virtue of the Fourth and Fourteenth Amendments, CARL O'NEAL, JR. had the right to be secure against unreasonable seizures by those acting under color of state law. Based on the totality of the circumstances, Defendants CITY OF SAN ANTONIO, HANCOCK and STENUSH each acted with objective unreasonableness in the seizure of CARL O'NEAL, JR. and by taking him to a medical facility not equipped to handle a drug overdose.

22. Furthermore, Defendants CITY OF SAN ANTONIO, HANCOCK and STENUSH further violated Mr. O'NEAL's rights under the Fourth and/or Eighth and Fourteenth Amendments by failing to provide necessary medical care to a person in their custody

23. Defendant, CHIEF OF POLICE, WILLIAM McMANUS, violated the civil rights of CARL O'NEAL, JR. in that he failed to formulate, train and/or enforce customs, policies, regulations and procedures to their police officers, for addressing the safe and proper methods of restraint and transport of persons by both police and paramedics, so as not to cause the unnecessary death or harm of a person in their custody. Defendant, CHIEF OF POLICE, WILLIAM McMANUS,

failed to supervise Defendants HANCOCK and STENUSH in violation of the constitutional rights of CARL O'NEAL, JR..

24    **42 U.S.C. Section 1988.** Plaintiffs have engaged the undersigned attorneys and seek recovery of a reasonable attorney fee and their costs associated with the prosecution of this Action.

25.    *Bivens Claim.*  Plaintiffs hereby sue Defendants HANCOCK and STENUSH in their individual capacities for their conduct that knowingly violated the well established constitutional rights of CARL O'NEAL, JR., deceased, in that they engaged in methods and procedures that improperly restrained Mr. O'NEAL and in such a way that would foreseeably cause serious injury or death.  Defendants were informed by medical personnel that Mr. O'NEAL was suffering from a drug overdose and needed to be transferred to another facility.  For more than one hour, Mr. O'NEAL was restrained and the Defendants' failed to promptly arrange transportation to a proper facility.

26.    Plaintiffs hereby sue Defendants HANCOCK and STENUSH in their individual capacities for their conduct that knowingly violated the well established constitutional rights of CARL O'NEAL, JR., deceased, in that they failed to provide emergency and necessary medical treatment to Mr. O'NEAL and such failures would foreseeably cause serious injury or death.

27.    Each of the named Defendants committed acts and/or omissions as described herein that proximately caused injuries which resulted the death of CARL O'NEAL, JR.. Such acts would have been actionable by the Decedent had he survived his injuries.

28.    As a result of Defendants' conduct, Plaintiffs have sustained actual damages related to the loss of CARL O'NEAL, JR. including loss of companionship and society, mental anguish, loss of advice and counsel, loss of support, loss of consortium, loss of inheritance, funeral expenses

and loss of services and hereby sue for the wrongful death of CARL O'NEAL, JR. as allowed by Tex. Civ. Prac. & Rem. Code § 71.001 et seq.

29. **Texas Tort Claims Act.**  Plaintiffs contend that the liability of Defendants under Title 42 U.S.C. Section 1983 is independent and apart from any liability and any limitation of liability found in the Texas Tort Claims Act., Civ. Prac. & Rem. Code § 101.001 et seq. Defendant CITY of SAN ANTONIO is a municipality and a governmental entity as defined by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001(3).

30. Any sovereign immunity enjoyed by the CITY OF SAN ANTONIO has been waived by the Texas Tort Claims Act § 101.001 et seq. because the death of CARL O'NEAL, JR. was caused by a condition or use of tangible personal property such that a private person would be liable to Plaintiffs according to Texas law. Defendants HANCOCK and STENUSH were engaged in their employment as police officers and used their police handcuffs to restrain CARL O'NEAL, JR. Defendants HANCOCK and STENUSH transported CARL O'NEAL, JR. to a clinic downtown which was not capable of handling an overdose, HANCOCK and STENUSH were advised that Mr. O'NEAL should be taken to an emergency room at a hospital which is capable of handling drug overdose.  Such delay in transporting Mr. O'NEAL was a proximate cause of his death. Each Defendant was acting within the course and scope of his employment with Defendant CITY OF SAN ANTONIO at all relevant times.

## ACTUAL AND SPECIAL DAMAGES

31. Plaintiffs and the Estate of CARL O'NEAL, JR., deceased, have suffered actual and special damages as a result of the wrongdoing alleged in this Complaint and hereby sue to recover the following damages:

32. For Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL, individually, and as heirs, legal representatives and the estate of CARL O'NEAL, JR., deceased:

1. Funeral expenses;
2. Medical costs for CARL O'NEAL, JR., deceased;
3. Physical pain and mental anguish for CARL O'NEAL, JR., deceased;
4. Mental anguish for CARL O'NEAL and GEORGIE MAE O'NEAL in the past and future;
5. Treatment for psychological trauma for CARL O'NEAL, SR. and GEORGIE MAE O'NEAL;
6. Loss of companionship and society;
7. Loss of advice, counsel, support, inheritance and services; and
8. Attorney fees and costs.

## EXEMPLARY DAMAGES

33. Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL would show that the misconduct of each Defendant herein, and any one of them, giving rise to a violation of 42 U.S.C. Section 1983, and/or their *Bivens* claims, rose to the level of malice in that such conduct was motivated by evil motive or intent, or that it involved reckless and/or callous indifference to the federally protected rights of CARL O'NEAL, JR., deceased.

34. The facts and circumstances of this case warrant that punitive damages be awarded so that the Defendants be punished for their conduct complained of herein and so that Defendants and those similarly situated may be deterred from engaging in similar conduct in the future.

35. Plaintiffs hereby sue for exemplary damages against each named Defendant.

## JURY DEMAND

36. Plaintiffs demand a trial by jury and tender the requisite fee.

## CONDITIONS PRECEDENT

37. All conditions precedent to this cause of action have been performed or have otherwise occurred. Plaintiffs attach and incorporate letters providing Defendants notice pursuant

to the Texas Tort Claims Act, however, Defendants possessed actual knowledge of all wrongdoing and damages alleged herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **CARL O'NEAL, SR., Individually And GEORGIE MAE O'NEAL, Individually, and on Behalf of the Estate of CARL JAMES O'NEAL, JR., DECEASED**, hereby pray that summons be issued against Defendants, **THE CITY OF SAN ANTONIO, WILLIAM A. McMANUS, CHIEF OF THE SAN ANTONIO POLICE DEPARTMENT, Individually and in His Official Capacity OFFICER DALE HANCOCK, Badge #0564, Individually and in His Official Capacity, and OFFICER MARK STENUSH, Badge #1378, Individually and in His Official Capacity,** and that upon service and a hearing, that the honorable Court grant judgment in favor of Plaintiffs, in all of their capacities, for actual damages, special damages, exemplary damages, attorney fees, costs of Court, pre- and post-judgment interest as allowed by law, and all other relief to which they may be entitled by law or equity.

Respectfully submitted,

**TIM MALONEY**
State Bar No. 12887380
**LAW OFFICES OF MALONEY & CAMPOLO**
900 S. E. Military Drive
San Antonio, Texas 78214
(210) 922-2200 – Telephone
(210) 923-1313 -- Facsimile
Attorneys for Plaintiffs,
**CARL O'NEAL, SR., Individually And GEORGIE MAE O'NEAL, Individually, and on Behalf of the Estate of CARL JAMES O'NEAL, JR., DECEASED**

PRIVATE PROCESS

"The State of Texas"          NO.   2006-CI-11733

CARL O'NEAL SR ET AL
**Plaintiff**
vs.

THE CITY OF SAN ANTONIO ET AL
**Defendant**
( Note: Attached Document May Contain Additional Litigants. )      **NOTICE**

**IN THE DISTRICT COURT**

**166th** JUDICIAL DISTRICT

**BEXAR COUNTY, TEXAS**

**Citation** Directed to:  WILLIAM A MCMANUS, CHIEF OF THE
SAN ANTONIO POLICE DEPARTMENT

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the  1st  day of  August      ,  2006 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  2nd  DAY OF  August
A.D.,  2006 .

PLAINTIFF'S ORIGINAL PETITION

TIM MALONEY
Attorney/PLAINTIFF
address  900 SE MILITARY DR
SAN ANTONIO, TX 78214-2855

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By: _____ Deputy
YVETTE GARCIA

---

OFFICER'S RETURN

Came to hand  7  day of  August , A.D. 2006, at _____ o'clock _____.M.
and executed (not executed) the  7  day of  August , A.D. 2006 in _____
at  12:25  o'clock  P .M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____  Serving citation
$ _____ Mileage _____ Total $ _____
       Badge/PPS # SC1459 _____ County, Texas
By _____

The State of Texas                    NON - PEACE OFFICER VERIFICATION

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

_____
NOTARY PUBLIC, STATE OF TEXAS

ORIGINAL
(DK002)



CAUSE NO. _____

| | | |
|---|---|---|
| CARL O'NEAL, SR., Individually And | § | IN THE DISTRICT COURT |
| GEORGIE MAE O'NEAL, Individually | § | |
| and on Behalf of the Estate of | § | |
| CARL JAMES O'NEAL, JR., DECEASED | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE CITY OF SAN ANTONIO, | § | |
| WILLIAM McMANUS, CHIEF OF THE | § | |
| SAN ANTONIO POLICE DEPARTMENT, | § | |
| Individually and in His Official Capacity | § | |
| OFFICER DALE HANCOCK, Badge #0564 | § | |
| Individually and in His Official Capacity, and | § | |
| OFFICER MARK STENUSH, Badge #1378 | § | |
| Individually and in His Official Capacity | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **CARL O'NEAL, SR.,** Individually And **GEORGIE MAE O'NEAL,** Individually, and on Behalf of the Estate of **CARL JAMES O'NEAL, JR.,** DECEASED, Plaintiffs in the above styled and numbered Action and file this their Original Complaint complaining of **THE CITY OF SAN ANTONIO, WILLIAM A. McMANUS, CHIEF OF THE SAN ANTONIO POLICE DEPARTMENT,** Individually and in His Official Capacity **OFFICER DALE HANCOCK,** Badge #0564, Individually and in His Official Capacity, and **OFFICER MARK STENUSH,** Badge #1378, Individually and in His Official Capacity, Defendants, and for cause would respectfully show the Court as follows:

1. This action is filed under the Texas Wrongful Death/Survival Statute and 42. U.S.C. Section 1983 and Section 1988, and under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of Texas against **OFFICER DALE**

HANCOCK, Badge #0564, Individually and in His Official Capacity, and OFFICER MARK STENUSH, Badge #1378, Individually and in His Official Capacity.

## DISCOVERY CONTROL PLAN

2.     Plaintiffs intend for this case to proceed as a Level 3 Discovery control plan.

## PARTIES

3.     Plaintiff, **CARL O'NEAL, SR.,** is an individual residing in Bexar County, Texas and is the father of **CARL O'NEAL, JR.,** deceased. He sues in his individual capacity, as legal representative of **CARL O'NEAL, JR.,** and as heir of the Estate of **CARL O'NEAL, JR.,** Deceased.

4.     Plaintiff, **GEORGIE MAE O'NEAL, SR.,** is an individual residing in Bexar County, Texas and is the mother of **CARL O'NEAL, JR.,** deceased. She sues in her individual capacity, as legal representative of **CARL O'NEAL, JR.,** and as heir of the Estate of **CARL O'NEAL, JR.,** Deceased.

5.     Defendant **CITY OF SAN ANTONIO** is a municipal governmental entity within the State of Texas and public employer of the **OFFICER DALE HANCOCK, Badge #0564, and OFFICER MARK STENUSH, Badge #1378.** The City of San Antonio may be served with process by serving the **Mayor of the City of San Antonio, Phil Hardberger, the City Attorney of the City of San Antonio, Michael Bernard, or the City Clerk of the City of San Antonio, Leticia M. Vacek, at P.O. Box 839966, San Antonio, Texas 78283-3966** or anywhere they may be found.

6.     Defendant, **WILLIAM A. McMANUS, CHIEF OF THE SAN ANTONIO POLICE DEPARTMENT,** is an individual and, at the time of the incident, was employed by the CITY OF SAN ANTONIO. He may be served with process by serving him at **P.O. Box 839966,**

San Antonio, Texas 78283-3966, 214 W. Nueva, San Antonio, Texas 78207, or anywhere he may be found.

7.    Defendant **OFFICER DALE HANCOCK, Badge #0564** is an individual and, at the time of the incident, was a duly appointed and acting officer of the Police Department of the CITY OF SAN ANTONIO, acting under the color of law, under the color of the statutes, ordinances, regulations, policies, customs and usages Of the City of San Antonio. He may be served with process by serving him at **3635 E. Houston, San Antonio, Texas 78219 or 214 W. Nueva, San Antonio, Texas 78207,** or anywhere he may be found.

8.    Defendant **OFFICER MARK STENUSH, Badge #1378** is an individual and, at the time of the incident, was a duly appointed and acting officer of the Police Department of the CITY OF SAN ANTONIO, acting under the color of law, under the color of the statutes, ordinances, regulations, policies, customs and usages Of the City of San Antonio. He may be served with process by serving him at **3635 E. Houston, San Antonio, Texas 78219 or 214 W. Nueva, San Antonio, Texas 78207,** or anywhere he may be found.

## VENUE and JURISDICTION

9.    All parties to this Action are believed to reside in Bexar County, Texas and all of the acts and/or omissions giving rise to this Action occurred in Bexar County, Texas. Jurisdiction in state court is proper pursuant to *Hudson v. Vasquez*, 941 S.W.2d 334 (Tex. App. – Corpus Christi 1997); *County of Dallas v. Sempe*, 151 S.W.3d 291 (Tex. App. - Dallas 2004); *Campos v. Nueces County*, 162 S.W.23d 778 (Tex. App. - Corpus Christi 2005); and *Fox v. Wardy*, 2005 WL 1791589 ( Tex. App. – El Paso).

10.    Plaintiffs **CARL O'NEAL, SR. And GEORGIE MAE O'NEAL** are all of the heirs of **CARL O'NEAL, JR.,** Deceased. No administration of the Decedent's estate is pending and none

is necessary. Plaintiffs represent that there are no debts owed by the estate of **CARL O'NEAL, JR.** and he has one dependent.

## FACTS OF THE CASE

11.     On or about November 10, 2005, **Carl O'Neal, Jr.,** was stopped for a traffic violation while traveling on the 1600 block of Montana Street. According to the arresting officer's report, Mr. O'Neal made a right turn without signaling which led to the stop. The officers approached the vehicle and asked Mr. O'Neal for his driver's license. The police report indicates that Mr. O'Neal was nervous and when asked to get out of his vehicle, he refused to open his mouth.

12.     At that point, the arresting officer, Dale Hancock, Badge No. 0564, suspected that Mr. O'Neal had placed "dope" in his mouth to conceal drugs. Mr. O'Neal was taken to the ground, and, according to the police officer, put up a struggle and suffered facial injuries. While faced down on the street, Officer Hancock noticed that Mr. O'Neal began to chew and swallow cocaine. Officer Hancock described it as small and large pieces. Officer Hancock noted that Mr. O'Neal "swallowed" the cocaine. Mr. O'Neal was arrested and transported to "Brady Green." (Apparently making reference to University Health Center Downtown.)

13.     According to the police officer's report, there is no dispute that Mr. O'Neal had ingested a large quantity of cocaine. Both arresting officers had actual awareness of Mr. O'Neal's condition. Both officers have a long history of dealing with individuals who have ingested drugs in a similar fashion to Mr. O'Neal.

14.     Mr. O'Neal was admitted to the University Health Center - Downtown. Mr. O'Neal was in an extremely agitated and delusional state due to the cocaine. Hospital records indicate that it was difficult to assess his vital signs despite being handcuffed. Mr. O'Neal was strapped in a wheelchair and still remained combative. The straps were removed from Mr. O'Neal and he was

taken to the ground by the police officers. The officers were told that Mr. O'Neal needed to be taken to University Hospital Emergency Room, as the downtown facility was not equipped to deal with a drug overdose. This incident occurred at approximately 3:00 a.m.

15.     It should be noted that the physician assistant who attempted to treat Mr. O'Neal at the downtown hospital was Gordon Lee Adams. Mr. Adams received his PA license on February 25, 2005, only nine months prior to this incident. According to the police officers, Mr. O'Neal was again strapped into a wheelchair. His behavior was becoming more and more irrational and delusional. Approximately **one hour later**, police officers advised Mr. Adams that Mr. O'Neal had stopped breathing. CPR was attempted for 20 minutes, after which, Mr. O'Neal was pronounced dead.

16.     **CARL O'NEAL, JR.** had a close and loving relationship with his mother and father.

## CAUSES OF ACTION

17.     **Survival Claim.** Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL are all of the heirs of CARL O'NEAL, JR., deceased. No administration of the Decedent's estate is pending and none is necessary. Plaintiffs represent that there are no debts owed by the estate of CARL O'NEAL, JR. and he had one dependent.

18.     Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL contend that each of the named Defendants committed acts and/or omissions described herein which proximately caused CARL O'NEAL, JR. to suffer pain and mental anguish prior to his death and that such negligence would have been actionable by CARL O'NEAL, JR. had he survived his injuries. Plaintiffs hereby sue for all damages, including funeral expenses, allowed by Tex. Civ. Prac. & Rem. Code § 71.021.

19.     **Wrongful Death.** Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL are all of the heirs of CARL O'NEAL, JR., deceased. No administration of the Decedent's estate is

pending and none is necessary. Plaintiffs represent that there are no debts owed by the estate of CARL O'NEAL, JR. and he had one dependent.

20. **42 U.S.C. Section 1983.** Plaintiffs contend that Defendants CITY OF SAN ANTONIO, including the Police Department, and Defendants HANCOCK and STENUSH, acting under color of state law, by way of statute, ordinance, regulation, custom and/or usage, took affirmative acts and committed omissions that violated CARL O'NEAL, JR.'s well established civil rights afforded to him by the Constitution of the United States, including, but not limited to, the Fourth, Eighth and Fourteenth Amendments. At all relevant times, each Defendant was acting within the course and scope of their employment for the CITY OF SAN ANTONIO.

21. By virtue of the Fourth and Fourteenth Amendments, CARL O'NEAL, JR. had the right to be secure against unreasonable seizures by those acting under color of state law. Based on the totality of the circumstances, Defendants CITY OF SAN ANTONIO, HANCOCK and STENUSH each acted with objective unreasonableness in the seizure of CARL O'NEAL, JR. and by taking him to a medical facility not equipped to handle a drug overdose.

22. Furthermore, Defendants CITY OF SAN ANTONIO, HANCOCK and STENUSH further violated Mr. O'NEAL's rights under the Fourth and/or Eighth and Fourteenth Amendments by failing to provide necessary medical care to a person in their custody

23. Defendant, CHIEF OF POLICE, WILLIAM McMANUS, violated the civil rights of CARL O'NEAL, JR. in that he failed to formulate, train and/or enforce customs, policies, regulations and procedures to their police officers, for addressing the safe and proper methods of restraint and transport of persons by both police and paramedics, so as not to cause the unnecessary death or harm of a person in their custody. Defendant, CHIEF OF POLICE, WILLIAM McMANUS,

failed to supervise Defendants HANCOCK and STENUSH in violation of the constitutional rights of CARL O'NEAL, JR..

24    **42 U.S.C. Section 1988.** Plaintiffs have engaged the undersigned attorneys and seek recovery of a reasonable attorney fee and their costs associated with the prosecution of this Action.

25.    ***Bivens Claim.*** Plaintiffs hereby sue Defendants HANCOCK and STENUSH in their individual capacities for their conduct that knowingly violated the well established constitutional rights of CARL O'NEAL, JR., deceased, in that they engaged in methods and procedures that improperly restrained Mr. O'NEAL and in such a way that would foreseeably cause serious injury or death. Defendants were informed by medical personnel that Mr. O'NEAL was suffering from a drug overdose and needed to be transferred to another facility. For more than one hour, Mr. O'NEAL was restrained and the Defendants' failed to promptly arrange transportation to a proper facility.

26.    Plaintiffs hereby sue Defendants HANCOCK and STENUSH in their individual capacities for their conduct that knowingly violated the well established constitutional rights of CARL O'NEAL, JR., deceased, in that they failed to provide emergency and necessary medical treatment to Mr. O'NEAL and such failures would foreseeably cause serious injury or death.

27.    Each of the named Defendants committed acts and/or omissions as described herein that proximately caused injuries which resulted the death of CARL O'NEAL, JR.. Such acts would have been actionable by the Decedent had he survived his injuries.

28.    As a result of Defendants' conduct, Plaintiffs have sustained actual damages related to the loss of CARL O'NEAL, JR. including loss of companionship and society, mental anguish, loss of advice and counsel, loss of support, loss of consortium, loss of inheritance, funeral expenses

and loss of services and hereby sue for the wrongful death of CARL O'NEAL, JR. as allowed by Tex. Civ. Prac. & Rem. Code § 71.001 et seq.

29. **Texas Tort Claims Act.** Plaintiffs contend that the liability of Defendants under Title 42 U.S.C. Section 1983 is independent and apart from any liability and any limitation of liability found in the Texas Tort Claims Act., Civ. Prac. & Rem. Code § 101.001 et seq. Defendant CITY of SAN ANTONIO is a municipality and a governmental entity as defined by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001(3).

30. Any sovereign immunity enjoyed by the CITY OF SAN ANTONIO has been waived by the Texas Tort Claims Act § 101.001 et seq. because the death of CARL O'NEAL, JR. was caused by a condition or use of tangible personal property such that a private person would be liable to Plaintiffs according to Texas law. Defendants HANCOCK and STENUSH were engaged in their employment as police officers and used their police handcuffs to restrain CARL O'NEAL, JR. Defendants HANCOCK and STENUSH transported CARL O'NEAL, JR. to a clinic downtown which was not capable of handling an overdose, HANCOCK and STENUSH were advised that Mr. O'NEAL should be taken to an emergency room at a hospital which is capable of handling drug overdose. Such delay in transporting Mr. O'NEAL was a proximate cause of his death. Each Defendant was acting within the course and scope of his employment with Defendant CITY OF SAN ANTONIO at all relevant times.

## ACTUAL AND SPECIAL DAMAGES

31. Plaintiffs and the Estate of CARL O'NEAL, JR., deceased, have suffered actual and special damages as a result of the wrongdoing alleged in this Complaint and hereby sue to recover the following damages:

32. For Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL, individually, and as heirs, legal representatives and the estate of CARL O'NEAL, JR., deceased:

1. Funeral expenses;
2. Medical costs for CARL O'NEAL, JR., deceased;
3. Physical pain and mental anguish for CARL O'NEAL, JR., deceased;
4. Mental anguish for CARL O'NEAL and GEORGIE MAE O'NEAL in the past and future;
5. Treatment for psychological trauma for CARL O'NEAL, SR. and GEORGIE MAE O'NEAL;
6. Loss of companionship and society;
7. Loss of advice, counsel, support, inheritance and services; and
8. Attorney fees and costs.

## EXEMPLARY DAMAGES

33. Plaintiffs CARL O'NEAL, SR. and GEORGIE MAE O'NEAL would show that the misconduct of each Defendant herein, and any one of them, giving rise to a violation of 42 U.S.C. Section 1983, and/or their *Bivens* claims, rose to the level of malice in that such conduct was motivated by evil motive or intent, or that it involved reckless and/or callous indifference to the federally protected rights of CARL O'NEAL, JR., deceased.

34. The facts and circumstances of this case warrant that punitive damages be awarded so that the Defendants be punished for their conduct complained of herein and so that Defendants and those similarly situated may be deterred from engaging in similar conduct in the future.

35. Plaintiffs hereby sue for exemplary damages against each named Defendant.

## JURY DEMAND

36. Plaintiffs demand a trial by jury and tender the requisite fee.

## CONDITIONS PRECEDENT

37. All conditions precedent to this cause of action have been performed or have otherwise occurred. Plaintiffs attach and incorporate letters providing Defendants notice pursuant

to the Texas Tort Claims Act, however, Defendants possessed actual knowledge of all wrongdoing and damages alleged herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, **CARL O'NEAL, SR., Individually And GEORGIE MAE O'NEAL, Individually, and on Behalf of the Estate of CARL JAMES O'NEAL, JR., DECEASED,** hereby pray that summons be issued against Defendants, **THE CITY OF SAN ANTONIO, WILLIAM A. McMANUS, CHIEF OF THE SAN ANTONIO POLICE DEPARTMENT, Individually and in His Official Capacity OFFICER DALE HANCOCK, Badge #0564, Individually and in His Official Capacity, and OFFICER MARK STENUSH, Badge #1378, Individually and in His Official Capacity,** and that upon service and a hearing, that the honorable Court grant judgment in favor of Plaintiffs, in all of their capacities, for actual damages, special damages, exemplary damages, attorney fees, costs of Court, pre- and post-judgment interest as allowed by law, and all other relief to which they may be entitled by law or equity.

Respectfully submitted,

**TIM MALONEY**
State Bar No. 12887380
**LAW OFFICES OF MALONEY & CAMPOLO**
900 S. E. Military Drive
San Antonio, Texas 78214
(210) 922-2200 – Telephone
(210) 923-1313 -- Facsimile
Attorneys for Plaintiffs,
**CARL O'NEAL, SR., Individually And GEORGIE MAE O'NEAL, Individually, and on Behalf of the Estate of CARL JAMES O'NEAL, JR., DECEASED**